## MICHAEL DICKSON, applying for a Monition.

Where the property of minors is to be sold to effect a partition, there must be an inventory and appraisement of the property, and the sale must be on such terms of credit as a family meeting shall recommend. C. C. 1247, 1263, 1264.

By the Act of 10th of March, 1847, the sale of succession property is authorized by auctioneers.

Where the heirs of age have sued for the partition of property, have proved a sale and received their share of the price from the purchaser, they will not be allowed to oppose the homologation of the sale, it being perfect as to them.

ON application for a Monition. *A. Lawson*, for appellants. *Gilbert* for appellee. The judgment of the court was pronounced by

PRESTON, J. *Sidney J. Felps* and *Elizabeth Felps*, heirs of age, owned a tract of land, situated in the parish of Caddo, in common with the minors, *Elam Felps* and *Jasper N. Felps*, represented by their tutor, *Stephen Yarborough*, The succession of *James Felps*, their ancestor, is open in the parish of Bossier.

The heirs of age presented their petition to the district court, in the parish of Bossier, praying a partition of this land, and that it should be sold for cash; alleging it to be indivisible in kind. The tutor accepted service of the petition, and consented to the sale for cash. The district court, thereupon, ordered the sale for cash, and that a commission should issue to the proper officer of the parish of Caddo to make the sale. The order was given to an auctioneer of that parish, who, after advertising the land for thirty days, in the English language only, sold it for cash, on the 30th day of March, 1847. *Michael Dickson* became the purchaser, for five hundred dollars, which was paid.

He has applied for a monition, to assure his title, under the acts of 1834 and 1837. *Stephen Yarborough*, the tutor of the minors, opposes the homologation of the sale, on the grounds: 1st. That the property was not appraised for the partition. 2d. That it was sold for cash. 3d. That it was sold by an auctioneer,

and not by the sheriff of Caddo parish. And 4th. That the sale was not adver-tised in the French language.

The heirs of age opposed the homologation of the sale, on these and many other grounds. They cannot be heard; they conducted the proceedings for a partition, provoked the sale, and received the price of half the land from the purchaser. The sale is perfect as to them.

As to the minors, an inventory and appraisement of the land should have preceded the order of sale. C. C. art. 1247. And their undivided half could not be sold for cash, but upon such terms of credit as might be recommended by a family meeting of the minors, as being for their best interest. C. C. articles 1263, 1264.

The other questions raised by the tutor of the minors, it is unnecessary to decide. The Legislature, by express statutes, in 1847, have authorized the sale of succession property by auctioneers, and have dispensed with advertisements in the French language in the parish of Caddo, and many other parishes.

In setting aside the sale, as to the undivided half of the land belonging to the minors, it is indispensable to do what is just and equitable.

The judgment is reversed as to the minors, *Sidney* and *Elizabeth Felps*, and the sale of their undivided half of the land is annulled; but it is decreed, that *Michael Dickson* recover from *Stephen Yarborough*, individually, two hundred and fifty dollars, with legal interest from the 30th of March 1847, until paid. *It is fur-ther decreed*, that the sale of the undivided half of the land which belonged to *Sidney J. Felps* and *Elizabeth Felps*, be homologated and confirmed, unless *Michael Dickson* shall, in sixty days after this decree is returned to the district court, and becomes a judgment, renounce the sale before a notary public of the parish of Caddo; in which event, it is decreed, that he shall have a judicial mort-gage upon their undivided half of the land, for the restoration of two hundred and fifty dollars paid to them for the land, with legal interest from the 30th day of March, 1847. It is further decreed, that *Michael Dickson* pay half the costs of this appeal, and that the other half be paid by *Sidney J. Felps* and *Elizabeth Felps, in solido.*